The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillip A. Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employee-employer relationship existed between plaintiff and defendant-employer.
3. At all relevant times, Travelers Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $264.18, yielding a compensation rate of $176.13 per week.
5. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on April 30, 1991.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was a 57 year old female high school graduate with no further formal education, training, skills or licenses.
2. Plaintiff's employment history consists mainly of assembly line labor as an assembler and work as a waitress.
3. Plaintiff received a compensable injury to the lower back on April 30, 1991 while lifting a waffle iron at work. Plaintiff received medical treatment from Carolina Urgent Care Center in Rocky Mount on May 1, 1991, and was prescribed anti-inflammatory and pain medications and was diagnosed with a strain. Physical therapy was prescribed, and plaintiff was eventually referred to Dr. Robert Appert of Wilson, North Carolina. Dr. Appert examined the plaintiff on May 24, 1991, and then released her to return to work the following day.
4. On April 30, 1991, plaintiff had a history of left leg venous stasis ulcers and phlebitis. She had a history of a pre-existing right wrist injury from a fall resulting in limited loss of use of the right arm. Notwithstanding these pre-existing conditions, plaintiff had worked all of her adult life.
5. A Form 21 Agreement accepting compensability was approved by the Industrial Commission June 19, 1991. With the exception of a brief attempt to return to work as a part-time cashier/hostess, plaintiff has received temporary total disability benefits for more than three years since her initial injury.
6. Plaintiff returned to work on August 28, 1991, but reinjured her back in April of 1992 while lifting a tray. Plaintiff was examined by Dr. Appert and Dr. Appert reported that she probably aggravated her pre-existing problem.
7. After continued pain for one month, plaintiff went to be examined by Dr. Bloem, who had treated her for a prior hand injury at work. Physical therapy was prescribed again.
8. As a result of her injury, plaintiff has been seen and treated by an urgent care facility, Dr. Garry. S. McKain, Dr. Rosario Guarino, Dr. Lukas Martinez, Dr. William R. Deans, Dr. David Tomaszek, Dr. Lee A. Whitehurst and Dr. T. Craig Derian, among others, for treatment of chronic low back and leg pain. During various periods of time, the Industrial Commission and carrier assigned rehabilitation nurses to coordinate plaintiff's medical treatment.
9. Plaintiff received chiropractic treatments beginning March 9, 1992, and Dr. McKain took the plaintiff out of work on April 10, 1992.
10. On June 22, 1992, Dr. Guarino reported that plaintiff's complaints of pain were mainly in her right buttock and low back, but with plaintiff's MRI showing some disc bulging at L4-L5 on the left. Plaintiff was prescribed rest, heat and pain medications. Plaintiff remained out of work.
11. On November 6, 1992, plaintiff began complaining of problems with neck pain, anxiety, irritability, and depression. Dr. Guarino referred her to a psychiatrist, Dr. Cunningham. Dr. Guarino also noted that, neurologically, there was no permanent disability noted on her workup and that her problems were musculoskeletal and now perhaps may be psychiatric.
12. Plaintiff was referred to Dr. Cramer and then to Dr. Whitehurst who presented options of work hardening or surgery. Plaintiff declined surgery and attended a back building program for nine days before reinjuring her back.
13. During the period of time following plaintiff's injury, she suffered from substantial weight gain and depression.
14. With the exception of an unsuccessful attempt to return to work as a part-time cashier/hostess, plaintiff has been unable to earn any wages in any employment from April 10, 1992, to the present time.
15. The medical and chiropractic care and treatment plaintiff received from doctors identified above, was reasonably required to effect a cure, give relief or lessen her disability from the April 30, 1991 injury. As a result of the April 30, 1991 injury, plaintiff may reasonably require future medical and chiropractic care and treatment in order to effect a cure, give relief or lessen her disability.
16. Plaintiff was examined and treated by Dr. T. Craig Derian, an orthopedic surgeon, in Durham, North Carolina, at her own expense; although some of her visits were coordinated by an Industrial Commission rehabilitation nurse.
17. During the period of time from April 12, 1993 through April 20, 1993, plaintiff attempted to return to work as a part-time cashier/hostess at the Holiday Inn in Rocky Mount, North Carolina.
18. As a result of this attempt to return to work, plaintiff's back and leg pain increased and her pre-existing left leg venous stasis ulcer condition was materially aggravated to a disabling degree, requiring medical care, diagnostic studies and surgery by Doctors George Paschall, III, Glenn Davis, and David Edrington.
19. The medical care and treatments plaintiff received from Doctors Paschall, Davis and Edrington were reasonably required to effect a cure, give relief or lessen her disability from the material aggravation of plaintiff's pre-existing left venous stasis ulcer condition as a result of her weight gain, inactivity, deconditioning and attempt to return to work in a modified job procured by defendants.
20. Since plaintiff's compensable injury, two different vocational consultants have been employed by defendants and assigned to her case. Jane Palmer with American Rehabilitation, Inc., procured the modified part-time cashier/hostess position plaintiff unsuccessfully attempted to perform. George Page was employed by the defendant-carrier on April 22, 1994.
21. Since April 22, 1994, the only job lead identified was a part-time telephone marketing job. The position was not suitable because of the commuting distance involved, the fact that Mrs. Neal's ability to sit and stand is limited, the side effects of her prescription medicine, and other reasons. This job was never offered to Mrs. Neal.
22. Since April 30, 1991, plaintiff has suffered from chronic back and leg pain including periods of remission and exacerbation which are beyond her control. She is unable to sit or stand for any significant period of time and must lie down during the day to get relief from her pain. Plaintiff's compensable injury will likely require future medical care and may require spinal fusion surgery.
23. With the exception of the approximately 28 hours which plaintiff worked in April of 1993 as a hostess/cashier, as a result of her compensable injury and aggravation of pre-existing conditions, plaintiff has been incapable of earning wages with defendant-employer or in any other employment since April 10, 1992.
24. Plaintiff reached maximum medical improvement of her back on September 13, 1993.
25. No credible evidence was presented to show that there are any actual jobs in the economy which plaintiff could successfully perform considering her age, education, work experience, transferable skills and current physical limitations.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On or about April 30, 1991, plaintiff sustained a specific traumatic incident arising out of and in the course of her employment with defendant-employer by way of a disabling back injury which arose out of and in the course of her employment with defendant-employer. G.S. § 97-2 (6).
2. As a proximate result of her April 30, 1991 injury by accident, associated weight gain, deconditioning, and an attempt to return to work in a part-time, modified job at the behest of defendant, plaintiff's pre-existing venous stasis ulcer of the left leg was materially aggravated such that medical care was reasonably required to effect a cure or give relief. G.S. § 97-25.
3. As a result of her April 30, 1991 injury by accident, plaintiff was temporarily totally disabled from April 10, 1992 until the present time, with the exception of approximately 28 hours of activity performed in an unsuccessful attempt to return to work, and is entitled to compensation at the rate of $176.13 per week for the aforementioned period. G.S. § 97-29.
4. As a proximate result of her April 30, 1991 injury by accident, plaintiff has been rendered temporarily totally disabled from competitive employment with defendant-employer or in any other employment which would be suitable by reason of her age, work experience, training, education and other factors affecting her ability to earn wages. G.S. § 97-29.
5. The medical and chiropractic care and treatments plaintiff received from Doctors Garry S. McKain, Rosario Guarino, Lukas Martinez, Willam R. Deans, David Tomaszek, Lee A. Whitehurst, and T. Craig Derian, among others, were reasonably required to effect a cure, give relief or lessen plaintiff's disability from the April 30, 1991 incident. As a result of the April 30, 1991 incident, plaintiff may reasonably require future medical care and treatment in order to effect a cure, give relief or lessen her disability. G.S. § 97-25.
6. The medical care and treatment plaintiff received from Doctors Paschall, Davis and Edrington as a result of aggravation of her previous venous stasis ulcer condition was reasonably required to effect a cure, give relief or lessen her disability as a proximate cause of the April 30, 1991 injury. As a result of the April 30, 1991 incident, plaintiff may reasonably require future medical care and treatment of her venous stasis ulcer in order to effect a cure, give relief or lessen her disability. G.S. § 97-25.
7. As a result of plaintiff's compensable injuries on April 30, 1991, plaintiff is entitled to continuing temporary total disability compensation until plaintiff returns to employment or upon further order of the Commission. G.S. § 97-29.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-employer shall pay plaintiff, on account of her temporary total disability, compensation at the rate of $176.13 per week, beginning April 10, 1992, and continuing until further order of the Industrial Commission subject to a credit for amounts which have previously been paid and for any earnings of the plaintiff in her unsuccessful attempt to return to work in April of 1993.
2. Amounts of temporary total disability compensation which have accrued, minus the credit, shall be paid to plaintiff in a lump sum, subject to a reasonable attorney fee approved in Paragraph 3 of this AWARD.
3. A reasonable attorney fee in the amount of twenty-five percent of the compensation benefits due under Paragraphs 1 and 2 of this AWARD is approved. Of the accrued amount, if any, paid in a lump sum to plaintiff, defendants shall deduct twenty-five percent and forward that amount directly to counsel for the plaintiff. For the balance of the attorney fee, defendants shall forward every fourth compensation check directly to plaintiff's counsel.
4. Defendants shall pay all medical compensation incurred, or to be incurred, as a result of plaintiff's injury by accident of April 30, 1991, and aggravation of her venous stasis ulcer in April 1993. Defendants shall pay all medical compensation incurred, or to be incurred, as a result of plaintiff's injury by accident of April 30, 1991, for treatment rendered by Dr. T. Craig Derian, an orthopedic surgeon.
5. The plaintiff shall continue to cooperate with any reasonable request by the defendant concerning vocational rehabilitation.
6. Defendants shall pay the costs.
 S/ ___________________________ LAURA KRANIFLED MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ J. RANDOLPH WARD COMMISSIONER
LKM/bjp